**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Nicole Zimmerman, | 2:25-cv-00206-CDS-MDC |
| Plaintiff(s), | |
| vs. | ORDER |
| The Church of Jesus Christ of Latter-day Saints, et al., | |
| Defendant(s). | |

Pending before the Court is defendant Karey Zimmerman's *Motion for Extension of Time* (ECF No. 20). While it is not clear from the motion what defendant seeks an extension for, the Court construes his motion to seek an extension of time to respond the Amended Complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) ("A document filed *pro se* is 'to be liberally construed[.]'"). Defendant states that he was initially granted a 45-day extension by plaintiff to secure legal representation. *ECF No. 20 at 1*. It is not clear from the docket whether parties filed a stipulation to that extent. Defendant states that he sought another extension from plaintiff on June 16, 2025, because he was "experiencing significant medical issues." *Id.* Defendant reports that he has not received a response from opposing counsel regarding the extension. *See ECF No. 20 at 1*. Defendant

Pursuant to Rule 12(a) of the Federal Rules of Civil Procedure, "a defendant must serve an answer within 21-days after being served with the summons and complaint" or "within 60 days" if it has "timely waived service." *Fed. R. Civ. P. 12(a)(1)*. Defendant was served on **April 26, 2025**. *See ECF No. 13*. There is no indication that defendant Zimmerman waived service. Therefore, the time to file an answer was 21-days from the date of service, i.e., **May 19, 2025**. Defendant filed his *Motion for Extension of Time* on **July 2, 2025**. *See ECF No. 20*. Therefore, defendant's motion is untimely. However, the Court acknowledges that defendant's *pro se* status may require additional time to file a response and grants the motion for extension of time. Defendant shall respond the plaintiff's Amended Complaint (ECF No. 4) by no later than **August 15, 2025**.

Defendant states that he is searching for legal representation. The Court cautions defendant that he must proceed with the case and may not wait until he has secured counsel, Therefore, the Court cautions defendant that should he continue to remain unrepresented in the future he must abide by both the Local Rules and Federal Rules of Civil Procedure. For example, this district's Local Rules provides that requests for extension after the expiration of a specified period will not be granted unless the movant demonstrates excusable neglect. *See* LR IA 6-1. Even pro se litigants must comply with the Federal Rules of Civil Procedure and the Local Rules of the court in which litigation is proceeding. *E.g. King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987); *see also Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986) ("pro se litigants in the ordinary civil case should not be treated more favorable than parties with attorneys of record"); *Carter v. Comm'r of Internal Revenue*, 784 F.2d 1006, 1008 (9th Cir. 1986) (pro se litigants expected to abide by the rules of the court in which litigation proceeds).

ACCORDINGLY,

**IT IS ORDERED that:**

1. The *Motion for Extension of Time* (ECF No. 20) is **GRANTED**.

2. Defendant Zimmerman shall respond to the Amended Complaint by no later than **August 15, 2025.**

DATED this 22nd day of July 2025.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal

may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.