UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Nicole Zimmerman,

                              Plaintiff

v.

The Church of Jesus Christ of Latter-Day
Saints, et al.,

                              Defendants

Case No. 2:25-cv-00206-CDS-MDC

**Order Granting the Defendant's Motion to Dismiss the Second Amended Complaint**

[ECF No. 48]

Plaintiff Nicole Zimmerman brings this action against The Church of Jesus Christ of Latter-Day Saints (LDS) and Karey Zimmerman, alleging (1) a violation of 18 U.S.C. § 2423(a) against both defendants for illegally transporting a minor for sex; (2) a claim against Karey for sexual abuse of a minor; and (3) a negligence claim against LDS. *See* Second am. compl. (SAC), ECF No. 46. LDS moves to dismiss the second amended complaint, which brings a negligence and a § 2423(a) claim. Mot., ECF No. 48. Zimmerman opposes the motion. *See* Opp'n, ECF No. 50. However, in her opposition, she fails to address LDS' argument to dismiss the § 2423(a) claim. *see id.* Consequently, she consents to the dismissal of that claim,[1] so this order only resolves the remaining negligence claim. The motion is fully briefed. *See* Reply, ECF No. 53. For the reasons set forth herein, I grant LDS' motion to dismiss without prejudice and with leave to amend.

I.     **Background**

The parties are familiar with the background of this case, so I only include and address information relevant to resolving the pending motion in the discussion below. I incorporate by reference the factual background in the court's previous order. *See* Order, ECF No. 45.

---

[1] *See* Local Rule 7-2(d) (explaining that the "failure of an opposing party to file points and authorities in response to any motion . . . constitutes a consent to grant the motion.").

## II.    Legal standard

The Federal Rules of Civil Procedure require a plaintiff to plead "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under Rule 12(b)(6), a claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Accordingly, in reviewing a complaint under Rule 12(b)(6), all well-pleaded allegations of material fact are taken as true and construed in the light most favorable to the non-moving party. *Kwan v. SanMedica, Int'l*, 854 F.3d 1088, 1096 (9th Cir. 2017). However, complaints that offer no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Johnson v. Federal Home Loan Mortg. Corp.*, 793 F.3d 1005, 1008 (9th Cir. 2015).

To avoid a Rule 12(b)(6) dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. A claim is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless the deficiencies of the complaint cannot be cured by amendment, rendering amendment futile. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

## III.    Discussion

LDS moves to dismiss Zimmerman's negligence claim for failure to state a claim. *See* ECF No. 48. While LDS raises several arguments, the crux of the issue is whether Zimmerman sufficiently alleges that LDS owes her a duty and whether she provides legal authority to support her claim. *See id.*

As explained in my prior order granting dismissal

> To "prevail on a negligence theory, a plaintiff must generally show that (1) the defendant owed a duty of care to the plaintiff, (2) the defendant breached that duty, (3) the breach was the legal cause of the plaintiff's injury, and (4) the plaintiff suffered damages." *Scialabba v. Brandise Constr. Co.*, 921 P.2d 928, 930 (Nev. 1996). However, "no duty is owed to control the dangerous conduct of another or to warn others of dangerous conduct" unless a special relationship exists between the defendant and the victim, and the harm created by the defendant's conduct is foreseeable. *Sanchez ex rel. Sanchez v. Wal-Mart Stores, Inc.*, 221 P.3d 1276, 1280–81 (Nev. 2009). Indeed, "[t]he foreseeability of harm is a predicate to establishing the element of duty." *Merluzzi v. Larson*, 610 P.2d 739, 742 (1980). "A negligent defendant is responsible for all foreseeable consequences proximately caused by his or her negligent act." *Taylor v. Silva*, 615 P.2d 970, 971 (Nev. 1980).

ECF No. 45 at 4. Like the first amended complaint, the SAC alleges that Zimmerman told Michelle that Karey was sexually abusing her, and that Michelle informed the "presiding bishop of the ward [in Utah] about the sexual abuse." ECF No. 46 at ¶¶ 8, 28. She further alleges that LDS took no steps to protect her, nor did it report to law enforcement the sexual abuse that had occurred in violation of Utah Code § 80-2-602 and NRS 432B.220. *Id.* at ¶¶ 9, 28, 42, 63.

Based on these allegations, Zimmerman asserts LDS was negligent because LDS clergies were mandated reporters, so they "had a special relationship with minor congregates and owed a statutory duty to protect [Zimmerman]." *Id.* at ¶¶ 28–29, 62. Zimmerman also alleges that her adoption was handled by LDS Family Services, an entity owned and operated by LDS during her adoption. *Id.* at ¶ 18. As alleged, Zimmerman further alleges that until 2014, the LDS church played a central role in overseeing and facilitating adoptions, including Zimmerman's. *Id.* at ¶ 20.[2] As the SAC alleges, LDS Family Services worked closely with LDS leaders in the adoption process. *Id.* at ¶ 22. Until 2014, adoptive parents had to apply to be considered an adoption candidate and satisfy several requirements such as background screenings, medical

---

[2] LDS disputes this. It asserts that neither the church nor LDS Family Services had control over the plaintiff. ECF No. 53 at 1; ECF No. 48 at 6–7. Further, LDS argues that LDS Family Services played no role in the plaintiff's adoption. *Id.* at 3 n.1. However, as this is at the motion to dismiss stage, I only consider the plaintiff's allegations in resolving the pending motion.

examinations, a Bishop's recommendation letter, a current temple recommend, and proof of marriage. *Id.* at ¶ 24. Zimmerman alleges that LDS was negligent in vetting her adoptive family because "there was no adequate or thorough background investigation conducted regarding K[arey]'s suitability to be an adoptive parent." *Id.* at ¶ 26. Zimmerman alleges that LDS only relied upon internal recommendations that were based on nothing more than Karey's self-serving statements. *Id.*

Zimmerman further alleges that LDS would have known of Karey's whereabouts as LDS is known for its meticulous record-keeping, including membership status and location. ECF No. 46 at 7, ¶ 36. She alleges that the Stake President and Bishops in Nevada, where Karey and Zimmerman attended church, also violated the mandatory reporting statute because they had knowledge of the abuse and a duty to report it to law enforcement under NRS 432B.220, but failed to do so. *Id.* at ¶¶ 35–37.

In its motion to dismiss, LDS argues that Zimmerman's negligence claim fails because it has no duty to prevent its members from harming each other, ECF No. 48 at 1, and the new allegations pled in the SAC about LDS Family Services (a non-defendant) do not establish a special relationship between her and the church, *id.* at 2.[3] In opposition, Zimmerman argues that the SAC sufficiently alleges that LDS' affirmative steps in facilitating her adoption created a special relationship between the church and the plaintiff. ECF No. 50 at 3. She further argues that she sufficiently alleges that the church's clergy members failed to make statutorily mandated reports despite possessing actual knowledge of her abuse. *Id.*

---

[3] LDS briefly raises an argument concerning Zimmerman pleading her allegations based on "information and belief." ECF No. 48 at 1, 3, 5, 7. But given the nature of the allegations, I find that these allegations sufficiently meet the pleading requirements. *See Nayab v. Capital One Bank USA*, 942 F.3d 480, 493–94 (9th Cir. 2019) (explaining that even under the more rigid standard of FRCP 9, the pleader is not required to allege facts that are peculiarly within the opposing party's knowledge, rather allegations based on information and belief may suffice).

Zimmerman's negligence claim fails. While the SAC's new allegations clarify Zimmerman's accusations as to the LDS' involvement in the adoption process with LDS Family Services, Zimmerman still fails to explain and cite authority to support a contention that a private adoption agency's services create the same special relationship as that between the state and a foster child. Instead, she argues that LDS is like a state actor in the adoption process of its minor members. ECF No. 50 at 8. In particular, she argues that the duty owed to adoptees, created through a special relationship, is applicable in the instant case since the church created a special relationship with the plaintiff that went beyond ordinary membership. *Id.* In other words, Zimmerman is arguing that LDS is similar to the state foster care and adoption agencies, undertaking "the responsibility to ensure Zimmerman's safety in her placement and created a duty of care owed through the special relationship of acting as an adoption agency." *Id.* at 8–9. But Zimmerman cites no authority to support her argument. Zimmerman argues that, like "state actors, courts have also found private adoption agencies can owe a duty to the adoptive parents." *Id.* at 9. She cites cases that have determined foster care agencies have a special relationship because of their role within the state. For example, Zimmerman cites *Gibbs v. Ernst*, 538 Pa. 193, 212 (1994), but it is inapplicable for two reasons. First, the adoption agency in *Gibbs* was a state actor. *Id.* at *198 (identifying the adoption agency as an agency of the Commonwealth of Pennsylvania). Second, *Gibbs* explains that an adoption agency has a duty to make reasonable efforts to determine if their statements to prospective parents are true, *id.* at *212–213, which is not an issue here. Zimmerman ultimately argues that because the cases she cites recognize a duty that adoption agencies owe to adoptive parents, then "surely it is in the public policy for a victim of sexual abuse to have the same legal standing." ECF No. 50 at 10. The other cases cited by Zimmerman are likewise inapplicable. This argument is insufficient to establish a special relationship[4] between Zimmerman and LDS.

---

[4] Nevada recognizes multiple types of special relationships, including innkeeper-guest, teacher-student, employer-employee, restauranter-patron, and real estate agent/vendor-buyer. *See Lee v. GNLV Corp.*, 22 P.3d

The court recognizes that Zimmerman's allegations are deeply personal. But allegations alone are insufficient to survive the motion to dismiss. Zimmerman fails to cite any authority to show that LDS has a duty to her based on its alleged role in her adoption.[5]

While Zimmerman fails to provide legal authority to support her position that LDS owes her a duty by way of a special relationship, I liberally construe her SAC and analyze whether she sufficiently pleads a negligence claim by way of alleging a negligence per se theory based on the failure to report. *See Insco v. Aetna Health & Life Ins. Co.*, 673 F. Supp. 2d 1180, 1191 (D. Nev. 2009) (explaining negligence per se is not a separate cause of action but rather a doctrine where a court will consider the negligent elements of duty and breach satisfied as a matter of law). Meaning, negligence per se is only a method of establishing the duty and breach elements of a negligence claim. *Steinmeyer v. Couvares*, 2025 U.S. Dist. LEXIS 262587, at *7–8 (D. Nev. Dec. 18, 2025) (citing *Cervantes v. Health Plan of Nev., Inc.*, 263 P.3d 261, 264–65 n.1 (Nev. 2011)).

To assert negligence per se, one must show: (1) a defendant violated a statute, ordinance, or regulation; (2) the violation proximately caused the injury; (3) the injury resulted from an occurrence the enactment was designed to prevent; and (4) the plaintiff was a member of the class of persons the statute was intended to protect. *Safari Club Int'l v. Rudolph*, 862 F.3d 1113, 1126 (9th Cir. 2017).

Zimmerman fails to sufficiently plead elements of negligence per se for two reasons. First, Zimmerman's SAC briefly alleges that LDS and its clergy's failure to report the known abuse to law enforcement amounts to "negligence per se." ECF No. 46 at ¶ 64. However, there are no allegations in the SAC to allege that Zimmerman was a member of the class of persons the

---

209, 212 (Nev. 2001); *Nevada Power Co. v. Monsanto Co.*, 891 F. Supp. 1406, 1416 n. 3 (D. Nev. 1995) (collecting cases).

[5] The court previously explained Ninth Circuit precedent identifying a special relationship doctrine to children in foster care and explaining that the state owes the child reasonable safety and minimally adequate care and treatment. ECF No. 45 at 5–6. I incorporate that analysis as if fully set forth herein. LDS is not the state, nor does Zimmerman argue that LDS is a state actor.

statute was intended to protect.[6] Second, because there is no private right of action under Utah Code § 80-2-602 and NRS 432B.220, it is unclear how Zimmerman can assert negligence per se without addressing an implied right of action.

The per se claim also fails because Zimmerman fails to allege a requisite duty. LDS correctly argues that negligence per se requires a preexisting duty, but the statutes Zimmerman cites only provide the applicable standard of care. ECF No. 48 at 8. In opposition, Zimmerman avers that while there is no private right of action in Utah's mandatory reporting statute, it is evidence of negligence per se on the part of the bishop. ECF No. 50 at 11. She further argues that the presiding bishop in Nevada had a duty to report the sexual abuse reports based on NRS 432B.220. *Id.* She also argues that both the Utah and Nevada statutes have outlined the standard of care that is owed to a plaintiff through mandatory reporting law which have been enacted to protect children from being subjected to sexual abuse. *Id.* She argues that the presiding bishop had actual knowledge of the plaintiff's abuse by Karey through a direct report. *Id.* at 12. She further alleges that LDS instructs its members to go to their bishop first with any concerns or issues rather than to law enforcement. *Id.* In reply, LDS asserts that to properly pursue a tort claim, Zimmerman would have needed to show that LDS owed her a duty of care under Utah or Nevada tort law. ECF No. 53 at 6.

The parties do not dispute that there is no express provision for a right of action under the Utah and Nevada mandatory reporting statutes. At issue here is whether there is an implied right of action under the Utah and Nevada reporting statutes. *See generally Edwards v. Juan Martinez, Inc.*, 506 F. Supp. 3d 1061 (D. Nev. 2020) (explaining the plaintiff cannot state a claim for violations of the NRS because the statutes do not contain a private of action and declining the plaintiff's argument to find an implied right of action).

---

[6] Zimmerman attempts to assert new allegations to support a negligence per se theory in her opposition. *See* ECF No. 50 at 11–15. I do not consider new allegations raised for the first time in Zimmerman's opposition that were not alleged in the SAC. A court may not look beyond the complaint, which includes allegations raised for the first time in a plaintiff's opposition. *See Broam v. Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003); *Johnson v. MINI of L.V.*, 2025 U.S. Dist. LEXIS 187298, *5 (D. Nev. Sep. 24, 2025).

Whether a private cause of action can be implied is a question of legislative intent. *Baldonado v. Wynn Las Vegas*, LLC, 194 P.3d 96, 100–01 (Nev. 2008). To ascertain the Legislature's intent in the absence of plain, clear language, this court examines the entire statutory scheme, reason, and public policy. *Id.* at 101. The following factors guide this court: (1) whether the plaintiffs are of the class for whose especial benefit the statute was enacted; (2) whether the legislative history indicates any intention to create or to deny a private remedy; and (3) whether implying such a remedy is consistent with the underlying purposes of the legislative [sch]eme. *Id.* (citations omitted).

As I noted in my previous order, in *Fleming v. Corp. of the President of the Church of Jesus Christ of Latter Day Saints*, a district court in Washington analyzed a similar negligence claim based on the church's failure to report abuse under a mandatory reporting statute. ECF No. 45 at 6; 2006 U.S. Dist. LEXIS 16602, at *7–8 (W.D. Wash. Mar. 21, 2006). There, the court found that the mandatory reporting statute did create an implied cause of action. *Id.* at 6. But here, Zimmerman does not ask this court to construe her claim as one arising out of an implied right of action, and wholly fails to address this issue in her opposition. While Zimmerman has cured several deficiencies highlighted in the court's prior order,[7] she fails to address whether Utah and Nevada's mandatory reporting statutes create an implied right of action, so her negligence per se claim is dismissed.

Accordingly, I grant LDS' motion to dismiss. The SAC fails to allege a duty, which is required to bring a negligence or a negligence per se claim. As Zimmerman has already been afforded the opportunity to amend claims one and two, but failed to do so, and consents to the motion to dismiss being granted as to her 18 U.S.C. § 2423 claim, those claims are dismissed with prejudice. However, it remains unclear if Zimmerman can properly allege a negligence per se

---

[7] For instance, Zimmerman alleges that LDS Clergy were mandated child abuse reports under both Utah Code § 80-2-602 and NRS 432.220, requiring the clergy to report suspected child abuse to law enforcement. ECF No. 46 at ¶ 61. And she alleges that LDS violated these statutes when they failed to communicate reports of sexual abuse because such reports would have been communicated to the administrative corporate structure of LDS. *Id.* at ¶¶ 62, 30–31.

claim, so amendment is not futile. I therefore dismiss claim three without prejudice and with leave to amend a negligence per se claim.

## IV.      Conclusion

IT IS HEREBY ORDERED that the defendant's motion to dismiss **[ECF No. 48] is GRANTED.**

If Zimmerman elects to file a third amended complaint (TAC), she must title it as such. It must alone amend claim three to allege a negligence per se claim. Any TAC must be filed on or before May 6, 2026.

Dated: April 23, 2026

_____
Cristina D. Silva
United States District Judge